UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LEON JOYCE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STEWART SHERMAN, et al.,<br><br>　　　　Defendants. | Case No.: 1:20-cv-01324-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE COMPLY WITH A COURT ORDER, FAILURE TO PROSECUTE, AND FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 18) |

Plaintiff Steven Leon Joyce is proceeding *pro se* and *in forma pauepris* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on September 16, 2020. On October 5, 2020, the Court screened Plaintiff's complaint, found no cognizable claims, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 8.) Plaintiff failed to file an amended complaint or otherwise respond to the Court's order. On October 30, 2020, Plaintiff filed an amended complaint. (ECF No. 12.) On November 16, 2020, the Court screened the amended complaint, again found not cognizable claim, and granted Plaintiff one final opportunity to amend the complaint. (ECF No. 13.) Plaintiff failed to file a second amended complaint or otherwise respond to the Court's November 16, 2020 order. On

February 25, 2021, the Court ordered Plaintiff to show cause within fourteen days why the action should not be dismissed. (ECF No. 18.) Plaintiff failed to respond to the Court's February 25, 2021 order and the time to do has now passed.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

///
///
///

## II.

## SUMMARY OF ALLEGATIONS

From mid-April to May 13, 2019, Defendants Doctor Kokor and Registered Nurse Powell delayed sending Plaintiff to the Adventist Health Hospital in Bakersfield, California in order for Plaintiff to recover appropriately.

G. Fajardo, Clarence Cryer, and S. Gates reviewed and denied Plaintiff's healthcare appeal.

On January 29, 2019, Doctor Kokor noted that Plaintiff was placed into the HIV-anticoagulation status. (Am. Compl., Ex. A-1.) Registered Nurse Sarah noted that Plaintiff was scheduled for cystoscopy and transrectal ultrasonography of the prostate with multiple biopsies. (Id.)

On March 18, 2019, Doctor Kokor noted that had elevated PSA and a family history of prostate CA. "The urinary bladder exhibits a post void residual bladder volume of 68 cc which is abnormal. IMPRESSION: Prostatomegaly with urinary retention." (Id., Ex. A-2.)

On April 10, 2019, Doctor Kokor ordered a Microalb RAM urine test which revealed abnormalities in Albumin excretion. (Id., Exs. A-3, A-4.)

On April 24, 2019, Plaintiff filed a health care services request form informing medical staff that he had been coughing for three days and had symptoms of a cold. Plaintiff requested cold medication, but on April 30, 2019, Doctor Kokor had Chinyere-Nyenke add notations that Tylenol, Ibuprofen, and Nortriptyline had failed to help Plaintiff. (Id., Ex. A-6.)

On April 29, 2019, Doctor Kokor extended Plaintiff's HIV anticoagulation treatment placing a completion date of July 28, 2019.

On May 1, 2019, Doctor Kokor conducted an x-ray of Plaintiff's right hip and found mild degenerative bone mineralization defect. On May 2, 2019, Doctor Kokor examined Plaintiff's chest by way of x-ray, and the frontal and lateral chest radiographs found small left lung connolidation/pneumonia:hyperinflation. Follow-up x-rays were recommended for resolution, and another blood specimen was collected from Plaintiff to test for coccoidal antibodies. (Id., Exs. A-8, A-9, A-10.)

///

///

3

1 On May 2, 2019, Plaintiff informed Registered Nurse that his cough was back and he was
2 having shortness of breath while laying in bed. Plaintiff was transported to the Hospital in
3 Bakersfield. (Id., Ex. A-11.)

4 The stool specimens collected from Plaintiff on March 12, 2019, and the blood specimen
5 collected on May 2, 2019, were returned on May 3, 2019 showing negative semi-quantitative
6 assessment for coccoid antibodies. (Id., Ex. A-9.)

7 Doctor Kokor was temporarily replaced by Doctor Julius Metts who obtained a blood
8 specimen from Plaintiff on May 3, 2019, and chose to use the same Quest Diagnostic Lab in West
9 Hills that Doctor Kokor used to test for coccidioidomycosis antibodies "which speaks of its
10 inac[c]uracy." (Am. Compl. at 7, Exs. A-13, A-14.)

11 On May 6, 2019, Plaintiff submitted another health care services request form informing
12 Registered Nurse Powell that his breathing had gotten worse, he had not slept in two weeks, and the
13 medication was not working. (Id., Ex. A-15, A-18.)

14 On May 10, 2019, Doctor Nyenke noted that Plaintiff had an obstructed symptom that had not
15 been relieved on the treatment, yet Plaintiff was back in his cell on the yard "fighting his way through
16 the morbid sore throat, and inability to breathe, writing yet another Health Care Service Request slip to
17 RN Powell, saying he was out of medication and needed badly to be seen." (Am. Compl. at 8, Ex. A.-
18 18.)

19 On May 13, 2019, Doctor Kokor sent Plaintiff to the Adventist Health Hospital for five days in
20 order to receive a breathing treatment that was not available at California Substance Abuse and
21 Treatment Facility and State Prison, Corcoran. (Id., Ex. A-19.)

22 The hospital produced Plaintiff's active diagnosis as Valley Fever (pulmonary
23 coccidioidomycosis, bilateral pneumonia, reactive IgG and IgM, and sepsis which was present on
24 admission.

25 Doctor Kokor and Registered Nurse Powell's failure to turn Plaintiff over to a higher level of
26 care and to leave him in an adequate recovery center until he healed constitutes criminal negligence.
27 (Id., Exs, A-20, A-21, A-22.)

28

Plaintiff contends Doctor Kokor failed to properly supervise Registered Nurse Powell to ensure that he was referred to a doctor prior to his deterioration and resulting diagnosis.

On August 2, 2019, healthcare appeals registered nurse G. Fajardo interviewed Plaintiff and reviewed documentation which noted negative test results for coccidioidomycosis, and the inability to diagnose Plaintiff's condition was known to Doctor Kokor and Registered Nurse Powell. However, Plaintiff suffered from mid-April to May 13, 2019, with the pneumonia, reactive IgG and IgM, and Sepsis POA. Therefore, appeals reviewers G. Fajardo, Clarence Cryer and S. Gates are responsible for the denial of Plaintiff's adequate medical treatment and violated California Penal Code section 2652. Plaintiff's appeal was denied.

Chief Executive Officer Clarence Cryer reviewed the decision by Fajardo and had the authority to correct the malpractice of Defendants, but he failed to do so.

On November 7, 2019, Policy Risk and Management Officer S. Gates denied Plaintiff's health care appeal at the final level of review.

## III.

## DISCUSSION

### A.   Deliberate Indifference to Serious Medical Need

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

5

Negligence or medical malpractice do not rise to the level of deliberate indifference. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d at 242, overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082–83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff fails to state a cognizable claim for relief under the Eighth Amendment. Plaintiff contends that Doctor Kokor and Registered Nurse Powell delayed in sending him to the hospital.

Even if Plaintiff had attributed, or could attribute any delay to Doctor Kokor and/or Registered Nurse Powell, delay, alone, does not constitute deliberate indifference. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002) (to establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful); see also Reyes v. Brown, No. 16-CV-84 JLS (BLM), 2018 WL 1905459, at *6 (S.D. Cal. Apr. 23, 2018) (finding allegations of delay between prisoner's initial treatment, follow-up, and surgical referral insufficient to support an Eighth Amendment violation). Plaintiff's factual allegations fail to plausibly show that Doctor Kokor or

Registered Nurse Powell acted with deliberate indifference to Plaintiff's serious medical needs. Iqbal, 556 U.S. at 678. At most, Plaintiff's Complaint alleges either negligence or a difference of opinion between Plaintiff and Defendants Kokor and Powell as to the testing and/or appropriate course of treatment. Neither scenario, however, plausibly supports an Eighth Amendment violation. See Toguchi, 391 F.3d at 1058 ("[A] mere difference of medical opinion ... [is] insufficient, as a matter of law, to establish deliberate indifference.") (internal citation omitted). Plaintiff's simple belief that he should have received a more immediate intervention and/or a different course of diagnostic or treatment does not by itself give rise to an Eighth Amendment claim. See Vaught v. Miranda, CIV S-10-1108 DAD P, 2012 WL 525573, at *11 (E.D. Cal. Feb. 16, 2012), *aff'd*, 502 Fed. Appx. 709 (9th Cir. 2013) ("Plaintiff's belief that he should have received a MRI is no more than a difference of opinions between plaintiff and the defendants who provided and/or reviewed his medical treatment."); Estelle, 429 U.S. at 107 ("A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment."); Lively v. Tovar, 11cv153-LAB (MDD), 2012 WL 838483, at *5 (S.D. Cal. Feb. 14, 2012) ("Even if [p]laintiff's self-diagnosis were correct, this would not amount to deliberate indifference."). Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference.

### B. Review of Health Care Inmate Appeals

There is no vicarious liability for civil rights violations. Ashcroft v. Iqbal, 556 U.S. at 676-77; Jones v. Williams, 297 F.3d at 934; Peralta v. Dillard, 744 F.3d 1076, 1085-86 (9th Cir. 2014). In addition, the Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. at 221. Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Similarly, Plaintiff may not impose liability on a defendant simply because he or she played a role in processing or responding to Plaintiff's inmate appeals. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (because an administrative appeal process is only a procedural rights, no substantive right is conferred, no due

process protections arise, and the "failure to process any of Buckley's grievances, without more, is not actionable under section 1983."); Dragasits v. Yu, No. 16-CV-1998 BEN (JLB), 2017 WL 3141802, at *14 (S.D. Cal. July 24, 2017) (collecting cases relying on Ramirez v. Galaza, 334 F.3d 850 to hold that a "prison official's mere administrative review of a prisoner's health care appeal cannot serve as the basis of the official's liability under § 1983"); Bell v. California Dep't of Corr. & Rehab., No. 14-CV-1397-BEN-PCL, 2016 WL 8736865, at *7 (S.D. Cal. Mar. 29, 2016) (finding that because plaintiff's complaint only involved defendants' roles in administrative review of his inmate appeals, their actions did "not create liability under § 1983").  Thus, in general, denying a prisoner's administrative grievance does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007); Hernandez v. Cate, 918 F.Supp.2d 987, 1018 (C.D. Cal. 2013).

However, if an appellate reviewer denies an appeal of an ongoing medical issue it may subject him/her to liability for deliberate indifference under the Eighth Amendment. Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006).  Nonetheless, if the prison official merely signed off on an appeal of a discrete medical issue, such an allegation does not, by itself, constitute deliberate indifference. See Peralta v. Dillard, 744 F.3d at 1086-87 (finding no liability for a prison official who reviewed plaintiff's inmate appeal, even though the official was a supervisor of dental staff, this official did not independently review plaintiff's claims or read plaintiff's medical charts before signing off on plaintiff's second-level review).

As an initial matter, Plaintiff has failed to demonstrate that either Doctor Kokor or Registered Nurse Powell were deliberately indifferent to his medical needs, and by extension neither Defendants Fajardo, Cryer, and/or Gates can be liable for denying an inmate appeal about the issue.  Further, Plaintiff has not pled that Defendants provided direct medical care to him or saw him for treatment.  In addition, Plaintiff has not alleged that Defendants Cryer and Gates were personally involved in any decisions about the appropriate course of Plaintiff's treatment.  Thus, Plaintiff has failed to demonstrate, how Defendants participated in, knew of, or reasonably should have known of any constitutional injury. See Farmer v. Brennan, 511 U.S. at 837 (to be liable for a claim of deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a

substantial risk of serious harm exists, and he must also draw the inference"); <u>Gibson v. Cnty. of Washoe</u>, 290 F.3d 1175, 1188 (9th Cir. 2002) (even if a prison official should have been aware of the risk, if he "was not, then [he] has not violated the Eighth Amendment, no matter how severe the risk"), overruled on other grounds by <u>Castro v. Cnty. of Los Angeles</u>, 833 F.3d 1060 (9th Cir. 2016). Accordingly, Plaintiff fails to state a cognizable claim against Defendants Fajardo, Cryer, and Gates.

### C. Violation of California Penal Code

Plaintiff alleges that Defendants violated California Penal Code Sections 2652. However, criminal statutes do not generally provide a private cause of action or a basis for civil liability. <u>See</u> <u>Ellis v. City of San Diego</u>, 176 F.3d 1183, 1189 (9th Cir. 1999) (concluding that the District Court properly dismissed claims premised on violations of the California Penal Code because they did not create enforceable individual rights). The Court has reviewed the criminal statutes in question and finds that Plaintiff cannot sue for damages under California Penal Code Section 2652. <u>See</u> <u>Lopez v. Cate</u>, No. 1:10–cv–01773–AWI–SKO PC, 2013 WL 239097, at p. *12 (E.D. Cal. Jan. 22, 2013) (inmate cannot maintain claims for violation of Penal Code Sections 2650 through 2653 as there is no private right of action therein); <u>Johnson v. Reddy</u>, No. 2:12–cv–1843 KJN P, 2013 WL 3070624, at p. *2 (E.D. Cal. June 17, 2013) (finding that civil enforcement was unavailable to the plaintiff based on alleged violations of Penal Code Sections 2650 and 2652).

## IV.

## FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

Here, the Court screened Plaintiff's first amended complaint, and on November 16, 2020, an order issued providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within thirty days. (ECF No. 13.) Plaintiff did not file a second amended complaint. Therefore, on February 25, 2021, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed. (ECF No. 18.) Plaintiff failed to respond to the February 21, 2021 order.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and

may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint within thirty days of November 16, 2020 and has not done so. Accordingly, the operative pleading is the October 30, 2020 first amended complaint which has been found not to state a cognizable claim. Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition. This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53

(9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

       The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

       Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's November 16, 2020 order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order." (ECF No. 13.) In addition, the Court's February 25, 2021, order specifically stated: " Plaintiff shall show cause why this action should not be dismissed for failure to state a cognizable claim, failure to comply with a court order, and failure to prosecute. Failure to comply with this order will result a recommendation to dismiss the action." (ECF No. 18.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

## V.

## CONCLUSION AND RECOMMENDATION

       The Court has screened Plaintiff's complaint and found that it fails to state a cognizable claim. Plaintiff has failed to comply with the Court's order to file an amended complaint or respond to the Court's order to show why the action should not be dismissed. In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to state a cognizable claim, failure to obey the November 16, 2020 and February 21, 2021 orders, and failure to prosecute this action.

       Accordingly, it is HEREBY ORDERED that the Clerk of Court is directed to randomly assign a Fresno District Judge to this action.

11

Further, it is HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to state a claim, failure to comply with a court order, and failure to prosecute.

This Findings and Recommendation is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen **(14) days** of service of this Recommendation, Plaintiff may file written objections to this findings and recommendation with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The district judge will review the magistrate judge's Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 22, 2021**

UNITED STATES MAGISTRATE JUDGE