UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LEON JOYCE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STEWART SHERMAN, et al.,<br><br>　　　　Defendants. | Case No.: 1:20-cv-01324-NONE-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 21) |

Plaintiff Steven Leon Joyce is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second amended complaint, filed March 25, 2021.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.[1]

At the time Plaintiff arrived at Substance Abuse Treatment Facility and State Prison, Corcoran (SATF) he was 61 years old, diabetic, and is African American. A coccidioidomycosis print out was posted in the E yard medical clinic by a nurse, and it was given to Plaintiff. The print out shows risk factors for elderly 60 year old inmate patients who have diabetes. The print out warns doctors and nurses that there is a likelihood of African Americans to develop coccidioidomycosis if kept in the Central California Region where SATF prison is located.

///

---

[1] All references to pagination of the complaint pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

On March 18, 2019, Dr. Kokor ordered an ultrasound with "FINDINGS: Small left lung base consolidation/pneumonia. Hyperinflation. The visualized lungs are otherwise clear. The cardiomediastinal silhouette is unremarkable. State osseous structures. IMPRESSION: Left lung base pneumonia. Recommended follow-up films to document resolution." (Compl., Ex. A-1.) Therefore, Dr. Kokor knew Plaintiff had a lung consolidation. Dr. Kokor Plaintiff was African-American and diabetic before Plaintiff developed the symptoms the "print out" predicted. Dr. Kokor also knew previous to the ultrasound that Plaintiff lost his ability to breathe as Plaintiff wrote repeated healthcare requests to registered nurse Powell. Nurse Powell, along with Dr. Kokor, chose ineffective medical treatment until Plaintiff's fourth medical request to Powell which lead to Plaintiff's hospitalization. Plaintiff was diagnosed with Valley Fever, pulmonary coccidioidomycosis, bilateral pneumonia, and sepsis.

The appeals coordinators neglected their official duty to remedy the fault when they were notified by choosing not to intervene.

## III.

## DISCUSSION

### A. Deliberate Indifference to Serious Medical Need

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

Negligence or medical malpractice do not rise to the level of deliberate indifference. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d at 242, overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082–83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff fails to state a cognizable claim for relief under the Eighth Amendment. Plaintiff contends that Doctor Kokor and Registered Nurse Powell failed to proper treat his lung condition prior to contracting Valley Fever and delayed in sending him to the hospital.

Even if Plaintiff had attributed, or could attribute any delay to Doctor Kokor and/or Registered Nurse Powell, delay, alone, does not constitute deliberate indifference. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002) (to establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful); see also Reyes v. Brown, No. 16-CV-84 JLS (BLM), 2018 WL 1905459, at *6 (S.D. Cal. Apr. 23, 2018) (finding allegations of delay between prisoner's initial treatment, follow-up, and surgical referral insufficient to support an Eighth

4

Amendment violation). Plaintiff's factual allegations fail to plausibly show that Doctor Kokor or Registered Nurse Powell acted with deliberate indifference to Plaintiff's serious medical needs. Iqbal, 556 U.S. at 678. Rather, Plaintiff contends that because an ultrasound revealed pneumonia in his left lung and he subsequently tested positive for Valley Fever, both Doctor Kokor and Registered Nurse Powell are liable for deliberate indifference. Not so.

While Plaintiff proffers that Defendants Kokor and Powell chose ineffective medical treatment, the attached demonstrate that on multiple occasions Defendants Kokor and Powell prescribed Plaintiff medication and treatment in response to his tests. Indeed, in response to Plaintiff's healthcare appeal, the institution level response specifically states:

> Review of records reveal you were seen on May 2, 2019, by the registered nurse during this medical encounter an order was submitted for an x-ray.
>
> You were seen again on May 4, 2019, by the registered nurse and co-consulted with your primary care provider. X-ray revealed pneumonia and you were prescribed an antibiotic. On May 6, 2019, a nebulizer treatment was also ordered.
>
> On May 13, 2019, you were transferred to a higher level of care. You were seen by your primary care provider and you were referred to the Infectious Disease.
>
> On July 10, 2019, you were seen by Infectious Disease.

(Compl., Ex A-21.) The headquarters level response specifically states, "[s]ubsequent to the [i]nstitutional [l]evel [r]esponse, there is no documentation to indicate you have raised concerns regarding these grievance issues. On October 18, 2019, you were seen in Pulmonary for an infectious disease follow-up and your primary care provider was provided specialist recommendations. Further care will be provided as determined medically necessary. Records show you have a chronic care program appointment pending scheduling. You will be ducated when the appointment nears." (Compl. Ex. A-23.)

Based on the responses to Plaintiff's healthcare appeal, it is clear that Plaintiff was provided x-rays, medication, treatments, referrals, and follow-up care. Plaintiff has failed to demonstrate Defendants Kokor and Powell knew of and disregarded an excessive risk to Plaintiff's health. Farmer, 511 U.S. at 834. To the contrary, the evidence demonstrates that during the period at issue, Plaintiff received treatment for his reported ailments. The conclusory assertion that Plaintiff contracted Valley

5

Fever in 2019, and Defendants Kokor and Powell knew or should have known that Plaintiff had Valley Fever does not demonstrate that they acted with deliberate indifference. Plaintiff has simply failed to demonstrate that Defendants Kokor and Powell should have provided further testing or that the failure to do so placed him at risk. Plaintiff's opinion as to the urgency of his condition and what should have been done to treat it more immediately does not demonstrate that these Defendants acted with deliberate indifference to a serious medical need. Indeed, the "question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not present cruel and unusual punishment. At most it is medical malpractice." Estelle, 429 U.S. at 107.

At most, Plaintiff's complaint alleges either negligence or a difference of opinion between Plaintiff and Defendants Kokor and Powell as to the testing and/or appropriate course of treatment. Neither scenario, however, plausibly supports an Eighth Amendment violation. See Toguchi, 391 F.3d at 1058 ("[A] mere difference of medical opinion ... [is] insufficient, as a matter of law, to establish deliberate indifference.") (internal citation omitted); see also Vaught v. Miranda, CIV S-10-1108 DAD P, 2012 WL 525573, at *11 (E.D. Cal. Feb. 16, 2012), *aff'd*, 502 Fed. Appx. 709 (9th Cir. 2013) ("Plaintiff's belief that he should have received a MRI is no more than a difference of opinions between plaintiff and the defendants who provided and/or reviewed his medical treatment."); Estelle, 429 U.S. at 107 ("A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment."); Lively v. Tovar, 11cv153-LAB (MDD), 2012 WL 838483, at *5 (S.D. Cal. Feb. 14, 2012) ("Even if [p]laintiff's self-diagnosis were correct, this would not amount to deliberate indifference."). Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference.

**B.  Review of Health Care Inmate Appeals**

There is no vicarious liability for civil rights violations. Ashcroft v. Iqbal, 556 U.S. at 676-77; Jones v. Williams, 297 F.3d at 934; Peralta v. Dillard, 744 F.3d 1076, 1085-86 (9th Cir. 2014). In addition, the Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. at 221. Plaintiff does not a have protected liberty interest in the

processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Similarly, Plaintiff may not impose liability on a defendant simply because he or she played a role in processing or responding to Plaintiff's inmate appeals. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (because an administrative appeal process is only a procedural rights, no substantive right is conferred, no due process protections arise, and the "failure to process any of Buckley's grievances, without more, is not actionable under section 1983."); Dragasits v. Yu, No. 16-CV-1998 BEN (JLB), 2017 WL 3141802, at *14 (S.D. Cal. July 24, 2017) (collecting cases relying on Ramirez v. Galaza, 334 F.3d 850 to hold that a "prison official's mere administrative review of a prisoner's health care appeal cannot serve as the basis of the official's liability under § 1983"); Bell v. California Dep't of Corr. & Rehab., No. 14-CV-1397-BEN-PCL, 2016 WL 8736865, at *7 (S.D. Cal. Mar. 29, 2016) (finding that because plaintiff's complaint only involved defendants' roles in administrative review of his inmate appeals, their actions did "not create liability under § 1983"). Thus, in general, denying a prisoner's administrative grievance does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007); Hernandez v. Cate, 918 F.Supp.2d 987, 1018 (C.D. Cal. 2013).

However, if an appellate reviewer denies an appeal of an ongoing medical issue it may subject him/her to liability for deliberate indifference under the Eighth Amendment. Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006). Nonetheless, if the prison official merely signed off on an appeal of a discrete medical issue, such an allegation does not, by itself, constitute deliberate indifference. See Peralta v. Dillard, 744 F.3d at 1086-87 (finding no liability for a prison official who reviewed plaintiff's inmate appeal, even though the official was a supervisor of dental staff, this official did not independently review plaintiff's claims or read plaintiff's medical charts before signing off on plaintiff's second-level review).

As an initial matter, Plaintiff has failed to demonstrate that either Doctor Kokor or Registered Nurse Powell were deliberately indifferent to his medical needs, and by extension neither Defendants Fajardo, Cryer, and/or Gates can be liable for denying an inmate appeal about the issue. Further, Plaintiff has not pled that Defendants provided direct medical care to him or saw him for treatment. In

addition, Plaintiff has not alleged that Defendants Cryer and Gates were personally involved in any decisions about the appropriate course of Plaintiff's treatment. Thus, Plaintiff has failed to demonstrate, how Defendants participated in, knew of, or reasonably should have known of any constitutional injury. See Farmer v. Brennan, 511 U.S. at 837 (to be liable for a claim of deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"); Gibson v. Cnty. of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002) (even if a prison official should have been aware of the risk, if he "was not, then [he] has not violated the Eighth Amendment, no matter how severe the risk"), overruled on other grounds by Castro v. Cnty. of Los Angeles, 833 F.3d 1060 (9th Cir. 2016). Accordingly, Plaintiff fails to state a cognizable claim against Defendants Fajardo, Cryer, and Gates.

### C. Further Leave to Amend

Because Plaintiff has had two opportunities draft a viable complaint, and his current complaint suffers from the same deficiencies as his prior complaint, the Court finds that further amendment would be futile. Zucco Partners v. LLC. v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) (Where a "plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad." (quotations and citations omitted). Therefore, the Court recommends that the instant action be dismissed, without leave to amend, for failure to state a cognizable claim for relief.

## IV.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may

result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**April 29, 2021**__

UNITED STATES MAGISTRATE JUDGE